[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION RE: MOTION TO OPEN OR SET ASIDE JUDGMENT (#168 and #170), OBJECTION (#174)
The defendants, Patricia Kane, Linda Demott, Renee Kahn, Diane Tatro, Edward Tatro and Hilda Cook filed motions to open or set aside this court's May 5, 2000, judgment as to their respective counterclaims.[1]
On October 11, 2000, this court denied the defendants' motions to open or set aside the judgment. On January 5, 2001, the defendants filed a motion for articulation regarding this court's decision on the motion, however, this court denied the defendants' motion for articulation.[2] Upon further review, however, this court has decided to issue an articulation setting forth its bases for denying the defendant's motion.
At the outset, this court notes that in its May 5, 2000, decision it found that the defendants had waived certain counts in their CT Page 5107 cross-complaint because the defendants failed to brief these claims. SeeWheeler v. Kane, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 173007 (May 5, 2000, Hickey, J.) (27 Conn.L.Rptr. 164), citing State v. DeCaro, 252 Conn. 229, 253 n. 20, 745 A.2d 800
(2000).
Furthermore, to the extent that the defendants' cross-complaints seek declaratory relief regarding the validity or invalidity of the Stamford Historical Society's election procedures and the Society's adherence to its bylaws, in its May 5, 2000, decision, this court determined, among other things, that pursuant to Connecticut General Statutes § 33-1063
(b),[3] a new election "shall occur on May 26, 2000. All members of the Historical Society as of May 25, 2000, as defined by article six, section one of the Historical Society's by-laws, shall be entitled to vote."Wheeler v. Kane, Superior Court, supra, Docket No. 173007. Consequently, this court found that it had addressed the issues raised by the defendants' cross-complaints in its decision and therefore, for the foregoing reasons, the court denied the defendants' motions to open or set aside the judgment.
HICKEY, J.